David A. Perlson (SBN 209502)
Jiaxing (Kyle) Xu (SBN 344100)

**HOGAN LOVELLS US LLP**
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
david.perlson@hoganlovells.com
kyle.xu@hoganlovells.com

Attorneys for Applicants Xiaomi Inc.,
Xiaomi Communications Co., Ltd,
Xiaomi Technology Netherlands B.V.
and Xiaomi Technology Germany
GmbH

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF XIAOMI INC., XIAOMI COMMUNICATIONS CO., LTD, XIAOMI TECHNOLOGY NETHERLANDS B.V. AND XIAOMI TECHNOLOGY GERMANY GMBH FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. _____<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |

# TABLE OF CONTENTS

**Page**

BACKGROUND ........................................................................................................2

DISCUSSION............................................................................................................5

    A.    Legal Standard .........................................................................................5

    B.    The Threshold Requirements in Section 1782 Are Met ........................7

    1.    Qualcomm Is Found Within the District...............................................7

    2.    The Discovery Is for Use in a Proceeding Before a Foreign or International Tribunal ................................................................................7

    3.    Xiaomi Is an "Interested Person" Under Section 1782 .........................9

    C.    The Application Should Be Granted in the Exercise of the Court's Discretion ................................................................................9

    1.    The Requested Discovery Is Outside the Reach of the UPC...............10

    2.    The Foreign Court Is Receptive to U.S. Judicial Assistance...............11

    3.    This Application Is not an Attempt to Circumvent Proof-Gathering Restrictions ........................................................................................13

    4.    The Requested Discovery Is not Unduly Intrusive or Burdensome ....14

CONCLUSION.......................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Ex Parte Apple Inc.*,
  No. 15cv1780, 2015 WL 5838606 (S.D. Cal. Oct. 7, 2015) ................................ 8

*In re Asta Medica, S.A.*,
  981 F.2d 1 (1st Cir. 1992), *abrogated on other grounds by Intel*,
  542 U.S. 241 ................................................................................................. 2

*Daedalus Prime LLC v. MediaTek USA Inc.*,
  No. 24-mc-80208, 2024 WL 4220000 (N.D. Cal. Sept. 16, 2024) ........... 8, 12, 14

*Ecuadorian Plaintiffs v. Chevron Corp.*,
  619 F.3d 373 (5th Cir. 2010) ..................................................................... 11

*Euromepa S.A. v. R. Esmerian, Inc.*,
  51 F.3d 1095 (2d Cir. 1995) ...................................................................... 12

*In re Hand Held Prods., Inc.*,
  No. 24-mc-91378, 2024 WL 5136071 (D. Mass. Oct. 24, 2024) ...................... 12

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ........................................................................... *passim*

*Lo Ka Chun v. Lo To*,
  858 F.2d 1564 (11th Cir. 1988) .................................................................... 2

*In re Metallgesellschaft AG*,
  121 F.3d 77 (2d Cir. 1997) ........................................................................ 14

*In re Mireskandari*,
  No. 12-cv-2865, 2012 WL 12877390 (S.D. Cal. Dec. 20, 2012) ...................... 6

*In re NanoPyxis Co.*,
  No. 17-mc-80151, 2018 WL 1156838 (N.D. Cal. Mar. 5, 2018) ...................... 15

*In re Netgear Inc.*,
  No. 23MC794, 2024 WL 390059 (S.D. Cal. Jan. 31, 2024) ........................ 8, 12

*In re Nokia Techs. Oy*,
  No. 21MC1487, 2022 WL 788702 (S.D. Cal. Mar. 15, 2022) ........................ 11

ii

*In re Sarrio S.A. for Assistance Before Foreign Tribunals*,
173 F.R.D. 190 (S.D. Tex. 1995) ........................................................................ 12

*In re Volkswagen AG*,
No. 24-MC-0832, 2024 WL 1556912 (E.D.N.Y. Apr. 10, 2024) ....... 8, 11, 12, 13

*ZF Auto. US, Inc. v. Luxshare, Ltd.*,
596 U.S. 619 (2022) ........................................................................................... 7

**Statutes**

28 U.S.C. § 1782 .......................................................................................... *passim*

**Other Authorities**

Hans Smit, *Int'l Litig. Under the U.S. Code*,
65 Columbia L. Rev. 1015, 1027 (1965) ............................................................. 9

S. Rep. No. 1580, 88th Cong., 2d Sess. ................................................................ 2

## MEMORANDUM OF POINTS AND AUTHORITIES

Applicants Xiaomi Inc., Xiaomi Communications Co., Ltd., Xiaomi Technology Germany GmbH and Xiaomi Technology Netherlands B.V. (collectively, "**Xiaomi**"), by and through their counsel, hereby apply to the Court for an Order under 28 U.S.C. § 1782(a) granting it leave to issue: a subpoena *duces tecum* to Qualcomm, Inc. ("**Qualcomm**") requiring Qualcomm to produce a narrow set of documents in its possession, custody, or control for use in a foreign patent infringement case pending in the Unified Patent Court ("**UPC**") involving patents to which Qualcomm may be licensed or under which it may have received rights, privileges or any kind of benefits.

Xiaomi's request for discovery is based upon its Application, this Memorandum of Law, the Declarations of Oliver Bäcker ("**Bäcker Decl.**") and Jiaxing (Kyle) Xu ("**Xu Decl**."), and the exhibits attached thereto. A Proposed Order (attached as Exhibit 1) together with the proposed Subpoena (attached as Exhibit 2) are also submitted concurrently herewith.

As set out below, Congress designed 28 U.S.C. § 1782 ("**Section 1782**") to assist litigants in foreign tribunals. In the instant matter, all of the statutory requirements of Section 1782 are satisfied, as are the discretionary factors enumerated by the Supreme Court concerning Section 1782 applications. Xiaomi therefore respectfully submits that the requested relief under Section 1782 is

1

appropriate and should be granted so that Xiaomi may obtain the relevant documents for use in the below described Foreign Proceeding.

## BACKGROUND

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Starting "[i]n 1948, Congress substantially broadened the scope of assistance federal courts could provide for foreign proceedings," pursuant to 28 U.S.C. § 1782. *Id.*, 247-48. The current version of Section 1782 was enacted to expand this assistance offered by U.S. courts and "eliminate[] the undesirable limitations of [previous procedures]." *See* S. Rep. No. 1580, 88th Cong., 2d Sess., *reprinted in* (1964) U.S. Code Cong. & Admin. News 3782 at 3788 (hereinafter "Senate Report"). "Section 1782 was amended to provide efficient discovery procedures to foreign and international litigants seeking information here and to stimulate foreign countries to follow the lead of the United States and liberalize their own procedure." *In re Asta Medica, S.A.*, 981 F.2d 1, 7 (1st Cir. 1992), *abrogated on other grounds by Intel*, 542 U.S. 241. "The history of Section 1782 reveals Congress' wish to strengthen the power of district courts to respond to requests for international assistance." *Lo Ka Chun v. Lo To*, 858 F.2d 1564, 1565 (11th Cir. 1988).

On October 30, 2024, non-practicing entity Advanced Standard Communication LLC (**"ASC"**) sued Xiaomi for allegedly infringing European Patent

2

No. EP3016464 (the "**Asserted Patent**") in the UPC Munich Local Division (No. ACT_57903/2024, UPC_CFI_617/2024) (the "**Foreign Proceeding**"). *See* Xu Decl. ¶¶ 3-4, Ex. 3. ASC alleged that it obtained the Asserted Patent from ZTE Corporation ("**ZTE**") on December 31, 2022. Bäcker Decl. ¶ 9; *see* Exhibit 7. The documents and information sought here are limited. Xiaomi seeks only the agreements between ZTE and Qualcomm or their affiliates, regarding the Asserted Patent (or any counterparts) and/or regarding patents related to 2G, 3G, 4G, and 5G standards, and information to confirm the authenticity of those documents.

Qualcomm—a Delaware corporation present in this judicial district (with an address of 5775 Morehouse Dr., San Diego CA 92121, *see* Xu Decl. ¶¶ 5-7, Ex. 4-6)—likely has, in its direct possession and/or within its control, documents relevant to issues in the Foreign Proceeding, namely agreements between Qualcomm (or its affiliates) and ZTE concerning the Asserted Patent or (or any counterparts) and/or regarding patents related to 2G, 3G, 4G and 5G standards and documents related thereto.

Under the UPC Rules of Procedure, there is generally no right to pre-trial discovery comparable to the discovery available in the United States. Bäcker Decl. ¶¶ 23-32. Instead there are only limited procedures that allow the plaintiff to apply to obtain evidence from another litigant or a third party subject to the UPC's jurisdiction. *Id.* For example, the UPC can order a litigant or a third party subject to its jurisdiction to provide certain documents in its possession under Rule 190 para. 1

3

of the UPC Rules of Procedure. *Id.* ¶ 26. However, these procedures are not sufficient to allow Xiaomi to obtain useful discovery about the aforementioned agreements between Qualcomm and ZTE. *Id.* ¶¶ 26-31.

According to case law of the UPC Court of Appeal, Rule 190 para. 1 of the UPC Rules of Procedure sets high requirements, inter alia concerning the precise identification of the concerned evidence and the proportionality of the respective request. *See id.* ¶¶ 26-27. For Xiaomi, it is objectively impossible to meet said requirements. *See id.* ¶¶ 28-29. Information that would allow Xiaomi to specifically identify the requested agreements is not available to Xiaomi. *See id.* ¶¶ 19-21. Further, regarding the proportionality criterion, neither ZTE nor Qualcomm is a party to the UPC proceedings. *See id.* ¶ 29. Further, in any event, the UPC would not have the authority to enforce any respective order against ZTE in China or against Qualcomm in the US and thus would not be entitled to retrieve evidence outside the UPC member states if not voluntarily provided. *Id.* ¶¶ 27-31. Therefore, information located in the United States in the possession or custody of Qualcomm, or otherwise in the control of Qualcomm and located outside of Germany, would generally not be available to Xiaomi through German discovery laws. *Id.*

A significant portion of the Xiaomi smartphones at issue in the Foreign Proceeding use chipsets supplied by Qualcomm. Bäcker Decl. ¶¶ 15, 19. Because they use Qualcomm chipsets, any grant of rights to Qualcomm regarding the ASC Patents – previously owned by ZTE – is relevant to determining whether ASC is

4

entitled to the claims asserted in the Foreign Proceeding. *See id.* ¶¶ 10-18. Specifically, Xiaomi could invoke either a patent exhaustion defense or a FRAND defense and obtain dismissal of the Foreign Proceeding. *See id.* The availability and scope of this defense depends on the specific wording of the provisions of the agreements between Qualcomm and ZTE (or their affiliates). *See id.*

Accordingly, the requested discovery in the United States for use in proceedings in the UPC is necessary for Xiaomi to defend itself from ASC's infringement allegations. This discovery, namely, the requested documents regarding the ZTE/Qualcomm agreements, are not obtainable in the Foreign Proceeding.

Xiaomi, therefore, asks this Court to authorize the issuance of a subpoena *duces tecum* to Qualcomm for the requested documents.

## DISCUSSION

### A.    Legal Standard

Section 1782 authorizes a federal district court to order discovery of documents and testimony for use in a foreign proceeding in the following circumstances:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other

5

thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

Thus, there are three threshold requirements to be satisfied before the district court is authorized to order discovery under Section 1782: (1) the person from whom discovery is sought resides or is found in the district of the district court to which application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or an interested person.  *In re Mireskandari*, No. 12-cv-2865, 2012 WL 12877390, at *2 (S.D. Cal. Dec. 20, 2012).

If these statutory requirements are met, the District Court may grant assistance under Section 1782.  *Id.*  Beyond these three threshold criteria, the Supreme Court has articulated four discretionary factors for district courts to consider when ruling on applications under Section 1782: (1) whether the person from whom discovery is sought is a participant in the foreign proceedings; (2) the receptivity of the foreign tribunal to U.S. court assistance; (3) whether the Section 1782 application is an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the documents sought are unduly intrusive or burdensome.  *Id.* (citing *Intel*, 542 U.S. at 264-65) (cleaned up).

6

B.    The Threshold Requirements in Section 1782 Are Met

In this case, the three threshold requirements for judicial assistance under Section 1782 are satisfied, as detailed below.  Accordingly, this Court is authorized to provide the requested assistance.

1.    *Qualcomm Is Found Within the District*

Qualcomm is found within this District at least because Qualcomm is a registered business entity in California, having its mailing address at 5775 Morehouse Dr., San Diego CA 92121.  Xu Decl. ¶¶ 5-7, Ex. 4-6.  According to Qualcomm's own website, Qualcomm's U.S. headquarters and principal place of business is located at this same address in San Diego, California.  Xu Decl. ¶ 5, Ex. 4.  Moreover, Qualcomm has identified this same address in its most recent Form 8-K filing with the U.S. Securities and Exchange Commission as its "Principal Executive Office[]".  Xu Decl. ¶ 7, Ex. 6.  Therefore, Qualcomm is undoubtedly located in this District.

2.    *The Discovery Is for Use in a Proceeding Before a Foreign or International Tribunal*

The court action pending in the UPC Local Division in Munich, Germany, satisfies the statutory requirement of a proceeding in a foreign or international tribunal.  The Supreme Court has clarified that in the context of Section 1782, a "'foreign tribunal' is one that exercises governmental authority conferred by a single nation, and an 'international tribunal' is one that exercises governmental authority conferred by two or more nations." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S.

7

619, 633 (2022).  The UPC qualifies as a "foreign or international tribunal" for the purposes of Section 1782.

Additionally, this District has held that German courts qualify as foreign tribunals within the meaning of the statute.  *See In re Ex Parte Apple Inc.*, No. 15cv1780, 2015 WL 5838606, at *2 (S.D. Cal. Oct. 7, 2015).  This District and other courts have found that Section 1782 applications seeking discovery for use in patent infringement proceedings before the UPC satisfy the statutory requirements.  *See In re Netgear Inc.*, No. 23MC794, 2024 WL 390059, at *4 (S.D. Cal. Jan. 31, 2024) ("The mandatory Section 1782 factors are met.  . . .  [T]he sought after discovery is for use in a proceeding before the UPC . . . ."); *In re Volkswagen AG*, No. 24-MC-0832, 2024 WL 1556912, at *1-2 (E.D.N.Y. Apr. 10, 2024) (granting application for use in patent-related lawsuits pending before the UPC Local Division in Munich, Germany); *Daedalus Prime LLC v. MediaTek USA Inc.*, No. 24-mc-80208, 2024 WL 4220000, at *3 (N.D. Cal. Sept. 16, 2024) (finding application satisfied the statutory requirements when it sought discovery for use before the UPC and German regional courts).

In October 2024, ASC sued Xiaomi for patent infringement in the UPC Local Division in Munich, Germany.  Bäcker Decl. ¶ 6.  Xiaomi requires limited discovery in order to defend against these infringement allegations.  The limited requested discovery, related to Qualcomm's or its affiliates' agreements with ZTE or its affiliates pertaining to the Asserted Patent (or its counterparts) and/or regarding

8

patents related to 2G, 3G, 4G and 5G standards, is relevant to the issues in the Foreign Proceeding.

Thus, the requested discovery is for use in a proceeding before a foreign or international tribunal, and the second requirement of Section 1782 is met.

### 3. Xiaomi Is an "Interested Person" Under Section 1782

As defendants in the Foreign Proceeding, Xiaomi qualifies as an "interested person" under Section 1782.  28 U.S.C § 1782(a); *Intel,* 542 U.S. at 256 ("The text of § 1782(a), 'upon the application of any interested person,' plainly reaches beyond the universe of persons designated 'litigant.'"); *see also id.* at 256-57 ("'[A]ny interested person' is 'intended to include . . . any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance." (quoting Hans Smit, *Int'l Litig. Under the U.S. Code*, 65 Columbia L. Rev. 1015, 1027 (1965)).

Thus, Xiaomi is an "interested person," and all three requirements of Section 1782 are met, and this Court is authorized to provide the requested assistance.

### C.    The Application Should Be Granted in the Exercise of the Court's Discretion

As discussed below, all of the discretionary *Intel* factors enumerated by the Supreme Court weigh in favor of granting the requested discovery.  Xiaomi therefore respectfully requests that the Court issue the proposed Order authorizing the proposed subpoena.

9

### 1. The Requested Discovery Is Outside the Reach of the UPC

The first discretionary factor articulated by the Supreme Court relates to the status of the party against whom discovery is sought, specifically whether that party is already subject to a discovery order issued by the foreign tribunal:

> When the person from whom discovery is sought is a participant in the foreign proceeding, as Intel is here, the need for § 1782(a) aid generally is not as apparent as it ordinarily is *when evidence is sought from a nonparticipant in the matter arising abroad*. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.

*Intel*, 542 U.S. at 264 (emphasis added). Here, Qualcomm, from whom Xiaomi seeks discovery, is not a party in the Foreign Proceeding, nor is it expected to participate in it, and therefore is not expected to be subject to any order in the Foreign Proceeding. Bäcker Decl. ¶ 29.

In general, parties to UPC litigation cannot obtain discovery of a non-party to the extent requested here. *Id.* ¶¶ 23-31. U.S. Courts accordingly consider it reasonable to grant Section 1782 applications in support of UPC proceedings. Order Granting Netgear Inc.'s *Ex Parte* Application Pursuant to 28 U.S.C. § 1782, ECF No. 17, *In re Netgear Inc.*, No. 23MC794-BLM (S.D. Cal.).

Similarly, Xiaomi is unlikely to obtain the discovery through UPC procedures. Bäcker Decl. ¶¶ 27-31. Because Xiaomi does not have the knowledge to identify the specific documents (*e.g.*, agreements between Qualcomm and ZTE (or their affiliates)), the evidence sought is not available to Xiaomi via the UPC's

discovery procedures, from parties or non-parties alike. Bäcker Decl. ¶ 28. U.S. Courts have found that the UPC may not compel a non-party to the proceeding to produce the documents sought. *See In re Volkswagen AG*, 2024 WL 1556912, at *2.

Accordingly, the first factor weighs heavily in favor of granting discovery here.

### 2. *The Foreign Court Is Receptive to U.S. Judicial Assistance*

In assessing "whether the foreign court is receptive to the requested discovery," U.S. district courts "tend to allow discovery" when the parties do not provide "authoritative proof" that the foreign court "would reject evidence obtained with the aid of section 1782[.]" *In re Nokia Techs. Oy*, No. 21MC1487, 2022 WL 788702, at *2 (S.D. Cal. Mar. 15, 2022) (citations omitted).

To prove that a foreign tribunal would not be receptive to discovery, "parties must provide authoritative proof that a foreign tribunal would reject evidence" obtained via section 1782—such as where an applicant violated an alleged foreign privilege. *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010) (internal quotation marks and citations omitted). "[A]bsent such clear evidence of a foreign forum's objection to discovery assistance, 'a district court's ruling should be informed by section 1782's overarching interest in providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.'" *In re Sarrio S.A. for Assistance Before Foreign*

11

*Tribunals*, 173 F.R.D. 190, 196 (S.D. Tex. 1995) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (internal quotation marks and citation omitted)).

Various district courts have found that the second *Intel* factor weighs in favor of granting Section 1782 applications in aid of UPC cases when there is no authoritative proof that UPC courts would reject evidence obtained via a Section 1782 proceeding. *See, e.g., In re Volkswagen AG*, 2024 WL 1556912, at *2 (granting Section 1782 petition when "the Court has no reason to believe the UPC will not be receptive to receiving evidence obtained via a United States Proceeding"); *Daedalus Prime LLC*, 2024 WL 4220000, at *3 (finding this factor weighed in favor of granting Section 1782 application when there was "no reliable evidence indicating that the UPC would not be receptive"); *In re Hand Held Prods., Inc.*, No. 24-mc-91378, 2024 WL 5136071, at *2, *6 (D. Mass. Oct. 24, 2024) (finding this factor weighed in favor of applicant when the respondent failed to show the foreign courts, including the UPC's Munich Local Chamber, would not be receptive); *cf. In re Netgear Inc.*, 2024 WL 390059, at *2 n.1, *5 (finding, in case of first impression, lack of clear evidence of UPC's receptivity to U.S. court assistance did not weigh in applicant's favor when UPC was "new entity" that had been in operation for only six months).

The Declaration of Oliver Bäcker, a German patent litigator with over 12 years of experience, demonstrates that the UPC would be receptive to evidence

obtained through this Application. Bäcker Decl. ¶¶ 32-35. The Munich UPC Local Division in which the action is pending would have to consider any documents obtained in this proceeding in making its decision. *Id.* ¶ 33. Mr. Bäcker's conclusion about the receptivity of UPC courts to evidence from the United States is consistent with the decisions of U.S. courts which have found that the second *Intel* factor weighs in favor of granting Section 1782 applications in aid of UPC cases.

For these reasons, the second *Intel* factor weighs in favors of granting discovery.

        3.     *This Application Is not an Attempt to Circumvent Proof-Gathering Restrictions*

The third discretionary factor also weighs in favor of granting the Application. Xiaomi is not attempting to circumvent any proof-gathering limitations or other policies of the United States or applicable to the Foreign Proceeding. *See, e.g.*, *In re Volkswagen AG*, 2024 WL 1556912, at *2 (finding this factor favored applicants when there was "no evidence Applicants have sought § 1782 discovery to circumvent foreign proof-gathering restrictions" in a UPC proceeding). "[T]hrough § 1782 Congress has seen fit to authorize discovery which, in some cases, would not be available in foreign jurisdictions, as a means of improving assistance by our courts to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to

13

our courts." *In re Metallgesellschaft AG*, 121 F.3d 77, 80 (2d Cir. 1997). The focus of this analysis is "not whether evidence-gathering procedures are available in the foreign forum" but on the "foreign forum's restrictions on evidence-gathering." *Daedalus Prime LLC*, 2024 WL 4220000, at *7 (no showing that application "would contravene any such restrictions" under the UPC).

Xiaomi would not be circumventing any foreign law or policy by obtaining the discovery; the UPC procedural and evidentiary rules contain no prohibition against judicial discovery proceedings such as these. Bäcker Decl. ¶¶ 34-35. Moreover, as described above, the requested discovery from Qualcomm is not obtainable through the Foreign Proceeding because, among other reasons, Qualcomm is not a party to the proceeding, the requested documents are likely not located in Germany, and the requested documents are not individually identifiable. Additionally, Xiaomi would not run afoul of U.S. limits on discovery.

    4.    *The Requested Discovery Is not Unduly Intrusive or Burdensome*

Finally, Xiaomi's requested discovery is not unduly intrusive or burdensome. It is narrowly tailored and focuses on agreements between ZTE and Qualcomm or their affiliates regarding the Asserted Patent (or any counterparts) and/or regarding patents related to 2G, 3G, 4G, and 5G standards.

To the extent that Qualcomm asserts that any of the information Xiaomi seeks is confidential or proprietary, Xiaomi is prepared to enter into an appropriate Protective Order. *See, e.g.*, *In re NanoPyxis Co.*, No. 17-mc-80151, 2018 WL

14

1156838, at *5 (N.D. Cal. Mar. 5, 2018) (entry into a protective order alleviated confidentiality concerns).  Moreover, the UPC's rules would also provide adequate protection for confidential documents or information submitted to a court located there.  Bäcker Decl. ¶ 36.  Thus, any confidentiality concerns would not pose an obstacle to this Application.

**CONCLUSION**

For all the foregoing reasons, Xiaomi's Application satisfies the requirements of Section 1782 and this Court should provide assistance by ordering the requested discovery.

Dated: June 13, 2025

Respectfully submitted,

*/s/ Jiaxing (Kyle) Xu*
David A. Perlson (SBN 209502)
Jiaxing (Kyle) Xu (SBN 344100)

**HOGAN LOVELLS US LLP**
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Phone: (415) 374-2300
Facsimile: (415) 374-2499
david.perlson@hoganlovells.com
kyle.xu@hoganlovells.com

*Attorneys for Applicants Xiaomi Inc.,*
*Xiaomi Communications Co., Ltd,*
*Xiaomi Technology Netherlands B.V.*
*and Xiaomi Technology Germany*
*GmbH*

15
