UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF XIAOMI INC., XIAOMI COMMUNICATIONS CO., LTD, XIAOMI TECHNOLOGY NETHERLANDS B.V. AND XIAOMI TECHNOLOGY GERMANY GMBH FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No.: 25mc1158-MSB<br><br>**ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY OF QUALCOMM INCORPORATED FOR USE IN A FOREIGN PROCEEDING [ECF NO. 1]** |

Pending before the Court is an ex parte application by Xiaomi Inc., Xiaomi Communications Co., Ltd, Xiaomi Technology Netherlands B.V., and Xiaomi Technology Germany GmbH (collectively, "Xiaomi" or "Applicant") for an order pursuant to 28 U.S.C. § 1782 to obtain discovery from Qualcomm Incorporated ("Qualcomm") for use in a foreign proceeding. (ECF No. 1.) Specifically, Applicant seeks discovery for use in a foreign patent infringement suit pending in the Unified Patent Court ("UPC") located in Munich, Germany. (ECF No. 1 at 5, 11.) Qualcomm does not oppose the present application. (See ECF No. 5 at 2.)

## I.   RELEVANT BACKGROUND

Applicant, a consumer electronics and mobile communications company, is the defendant in a patent infringement suit filed by Advanced Standard Communications LLC ("ASC") in the UPC Munich Local Division.  (ECF No. 1 at 6-7.)  ASC alleges that it obtained the patent at issue from ZTE Corporation ("ZTE").  (Id. at 7.)  Applicant thus seeks a limited scope of discovery regarding agreements between ZTE and Qualcomm regarding the patent, its counterparts, and patents related to 2G, 3G, 4G, and 5G standards, as well as information to confirm the documents' authenticity.  (Id.)

Applicant asserts that a significant portion of its smartphones use chipsets supplied by Qualcomm.  (Id. at 8.)  Applicant believes that, because it uses Qualcomm's chipsets, any grant of rights to Qualcomm regarding ASC's patents would help determine whether ASC is entitled to the claims in the foreign proceeding.  (Id. at 8-9.)  Accordingly, Applicant believes that the discovery it seeks is necessary for its defense.  (Id. at 9.)

## II.   APPLICABLE LAW

Under Title 28 section 1782 of the United States Code, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  28 U.S.C.A. § 1782(a).  The primary purpose of section 1782 is to "provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad."  See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).  The party seeking discovery is not required to establish that the information it seeks would be discoverable under the foreign court's law or that the United States would permit the discovery at issue in an analogous domestic proceeding.  Palantir Techs., Inc. v. Abramowitz, 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019) (citing Intel, 542 U.S. at 247, 261-63).

A district court may authorize discovery under section 1782(a) where "(1) the person from whom the discovery is sought 'resides or is found' in the district of the

district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" Khrapunov v. Prosyankin, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).  Even if the statutory requirements are satisfied, a district court may exercise its discretion to deny the requested discovery.  In re Premises Located at 840 140th Ave. NE, Bellevue, Wash., 634 F.3d 557, 563 (9th Cir. 2011); see also Intel, 542 U.S. at 264 ("A district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.").  In exercising its discretion whether to grant an application for such discovery, a district court considers the following factors:  (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court" to U.S. federal-court assistance; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies"; and (4) whether the request is "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65.

### III.   ANALYSIS

#### A.   Statutory Requirements are Met

Applicant easily meets the statutory requirements.  First, because Qualcomm's principal place of business is in San Diego, California [ECF No. 1-2 at 2-3], Qualcomm "resides or is found" in this District.  See In re Koninklijke Philips N.V., No. 17-MC-1681-WVG, 2018 WL 620414, at *1 (S.D. Cal. Jan. 30, 2018) (finding entity satisfied the first statutory requirement because it "maintain[ed] its principal place of business" in San Diego, in California's Southern District).  Second, this application is for discovery that will be used in pending proceedings in a court located in Germany [ECF No. 1 at 7], which qualifies as a foreign tribunal.  See Daedalus Prime LLC v. MediaTek USA Inc., No. 24-MC-80208-VKD, 2024 WL 4220000, at *3 (N.D. Cal. Sept. 16, 2024) (finding the statutory requirements were met where discovery was sought for use in the UPC).  Third, as a

party to the litigation, (ECF No. 1 at 6-7), Applicant is an "interested party." Intel, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782.") (cleaned up and citation omitted).

**B.     Discretionary Factors Favor Discovery**

### 1.     Foreign tribunal's jurisdictional reach

If the entity from whom discovery is sought is not a party to the foreign litigation, the party may be outside the foreign government's jurisdiction, and the first factor weighs in favor of discovery. Id. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

Applicant contends that the UPC Rules of Procedure does not confer a right to pre-trial discovery comparable to that in the United States. (ECF No. 1 at 7.) Because the procedures are so limited, Applicant is unable to obtain the discovery they seek from Qualcomm. (Id. at 7-8.) Applicant further argues that the UPC would not have authority to enforce an order against either non-party. (Id. at 8.) Qualcomm does not dispute Applicant's petition. (See ECF No. 5.)

This factor appears to weigh in Applicant's favor. Applicant is seeking agreements between Qualcomm and ZTE, neither of whom are parties to the foreign litigation. Although ASC obtained the relevant patent from ZTE, ASC never entered into an agreement with Qualcomm. Therefore, it does not seem likely that ASC has possession of any of those documents. The court in Intel recognized the obstacles that civil-law systems place on pretrial discovery, and their reluctance to compel the production of documentary evidence. See Intel, 542 U.S at 261 n.12. Accordingly, it is unlikely that Applicant will be able to obtain the material through the foreign proceedings.

### 2.     Receptivity of the foreign government

Consideration of the second factor requires courts to assess whether the foreign court is receptive to the requested discovery. Id. at 264. "When the parties do not

provide evidence showing that a foreign court would reject evidence obtained under Section 1782, courts tend to allow discovery." In re Koninklijke Philips N.V., 2018 WL 620414, at *2 (citation omitted); see also Palantir Techs., 415 F. Supp. 3d at 915 ("[I]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery.") (internal citation omitted). Applicant declares that the UPC will "be receptive to evidence obtained through Section 1782 proceedings in the United States . . . [and] can be formally introduced into the UPC Proceeding, and the UPC would consider this evidence." (ECF No. 1-2 at 29.) Qualcomm does not provide any evidence to the contrary. (See ECF No. 5.)

This court finds no evidence that the UPC would be unreceptive to the evidence obtained through this application and therefore finds this factor weighs in favor of granting the application.

**3.     Attempt to circumvent foreign restrictions or policies**

Third, the Court considers whether the Applicant "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Intel, 542 U.S at 265. "Where there is a 'perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782' this factor may weigh against an application." In re Plan. & Dev. of Educ., Inc., No. 21-MC-80242-JCS, 2022 WL 228307, at *4 (N.D. Cal. Jan. 26, 2022) (citation omitted). However, the "absence of evidence of attempted circumvention weighs in favor of an application." In re Tagami, No. 21-MC-80153-JCS, 2021 WL 5322711, at *3 (N.D. Cal. Nov. 16, 2021); see also In re Koninklijke Philips N.V., 2018 WL 620414, at *2 ("Applicant is unaware of any [foreign] rule or policy that prohibits the gathering of the evidence sought. . . . Thus, this factor weighs in favor of granting the Application.").

Applicant argues that "the UPC procedural and evidentiary rules contain no prohibition against judicial discovery proceedings" such as those in section 1782, and "the requested discovery from Qualcomm is not obtainable through the Foreign

1 | Proceeding because, among other reasons, Qualcomm is not a party to the proceeding,
2 | the requested documents are likely not located in Germany, and the requested
3 | documents are not individually identifiable." (ECF No. 1 at 18) (citing ECF No. 1-1 at 5-
4 | 6.) Qualcomm does not rebut this argument. (See ECF No. 5.)

Because there is no evidence that the UPC specifically denied or prohibited the discovery now requested, this factor weighs in favor of discovery.

### 4. Unduly intrusive or burdensome requests

Under Intel, "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. Applicant characterizes its document request as "narrowly tailored and focuses on agreements between ZTE and Qualcomm or their affiliates regarding the Asserted Patent (or any counterparts) and/or regarding patents related to 2G, 3G, 4G, and 5G standards." (ECF No. 1 at 18.) Applicant also contends that it will enter into an appropriate Protective Order if Qualcomm asserts any of the information is confidential or proprietary. (Id.) Qualcomm does not address the substance of the requests, but it reserves its right to raise objections and seek a protective order after being served. (See ECF No. 5 at 2.)

Even though Qualcomm does not oppose the instant application, this does not rule out the possibility that the discovery requests will be unduly intrusive or burdensome. However, Qualcomm will have an opportunity to object to these requests, and Applicant is willing to negotiate an appropriate protective order with Qualcomm. (ECF No. 1 at 18); see also In re Mireskandari, No. 12-CV-2865-IEG (DHB), 2012 WL 12877390, at *3 (S.D. Cal. Dec. 20, 2012) ("[The party from whom discovery is sought] is certainly free to object to these requests as appropriate."). This factor weighs in favor of granting the application.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court **GRANTS** Applicant's request to conduct discovery pursuant to section 1782. Applicant may issue and serve on Qualcomm the subpoena attached to the application. A copy of this Order must be served with the

1  subpoena. Nothing in this order prevents Qualcomm from asserting any challenges to
2  the subpoena after it is served.
3  **IT IS SO ORDERED**.
4  Dated: August 5, 2025

Honorable Michael S. Berg
United States Magistrate Judge